# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM D. DAVIS,** | : | **CIVIL ACTION NO. 1:12-CV-587** |
| Plaintiff, | : | (Judge Conner) |
| v. | : | |
| **EDWARD V. GRYNKEWICZ, III,** | : | |
| Defendant | : | |

## **MEMORANDUM**

Presently before the court is the motion in limine (Doc. 28) of defendant Edward V. Grynkewicz, III ("Grynkewicz") to preclude plaintiff William D. Davis ("Davis") from introducing (1) evidence of Grynkewicz's disciplinary and legal history; and (2) testimony on alternative types of force available to the defendant. The instant motion has been fully briefed and is ripe for disposition.

### I. Factual and Procedural Background

This case arises out of the July 25, 2011 tasing of plaintiff William Davis, by defendant Edward Grynkewicz, an officer of the Harrisburg Police Department. The incident occurred in the early morning hours after Davis and a friend left a Harrisburg nightclub in Davis's car. As he departed, Davis noticed that police had stopped a car driven by several female friends. (Doc. 1 at ¶¶ 8-9). He pulled even with the stopped car, spoke briefly with the women, one of whom allegedly accused Davis of having a gun in his car in the presence of two police officers. (Doc. 25 at ¶¶ 16-17). Davis continued driving, but soon after received a phone call from one of the women in the stopped car, who indicated that they might need a ride home. (Doc. 1

at ¶ 17). Davis then circled back to where the women were parked, at which time a police car pulled him over. (Id. at ¶ 18)

Davis exited the vehicle, but was told to stop by Officer Todd Arnold, the police officer who had pulled him over. (Id. at ¶¶ 20-21). Soon thereafter, Davis began to argue with another police officer who had arrived, Officer Edwin Powell, and began to curse and yell at the officers. (Id. at ¶¶ 24-40). Grynkewicz, who had been involved in the original traffic stop, heard the altercation and approached the scene. (Doc. 1 at ¶¶ 29-30). At that time, Davis was allegedly returning his wallet to his back pocket after receiving his drivers license back from the officers, when one of the officers yelled "he's reaching." (Id. at ¶ 32; Doc. 25 at ¶ 32). One officer then immediately grabbed Davis's arm and told Davis he was under arrest. (Doc. 25 at ¶ 33). Davis attempted to pull back his arm and tried to talk the officer out of arresting him. (Id. at ¶ 34). Davis then heard Officer Grynkewicz yell "Watch out, taser," at which point Davis was struck with taser darts in his groin and chest. (Doc. 25 at ¶ 37, Doc. 1 at ¶¶ 37-38). Davis was then handcuffed and transported to the Harrisburg Police station. (Doc 1 at ¶ 43).

Davis filed the instant action on March 30, 2012, pursuant to 42 U.S.C. § 1983. He alleges, *inter alia,* that Officer Grynkewicz used excessive force against him, in violation of his rights under the Fourth Amendment to the United States Constitution. (Doc. 1). All other claims against Grynkewicz and all claims against the other officers have been terminated. (See Doc. 43).

## II. Discussion

### A. Evidence of Defendant's Disciplinary History, Internal Affairs Investigations and Prior Lawsuits

Defendant Grynkewicz has moved to preclude plaintiff from offering evidence of the officer's disciplinary history, internal affairs investigations of which he was the subject, and other lawsuits against him. (Doc. 29 at 2). This includes evidence revealed in Officer Grynkewicz's deposition, in which he testified that he was disciplined subsequent to this incident for an unrelated matter in which he omitted his use of a taser from a separate use of force report. (Doc. 28, Ex. A at 8-13, 25-26). Grynkewicz also testified that he is aware of one other lawsuit against him for excessive force, and the possibility of two others. (Id. at 19-22). He now asks the court to exclude this evidence on the grounds that it is not relevant, constitutes improper character evidence, and is unduly prejudicial. (Doc. 29 at 3). Davis asserts that such evidence is relevant to show that Grynkewicz "is an officer who uses excessive force on a regular basis." He argues that the defendant's character is an essential element of his claim against Grynkewicz, and may therefore be proven by specific instances of conduct under Rule 405(b) of the Federal Rules of Evidence. Davis also contends that this evidence shows Grynkewicz was in the habit of using excessive force, and the evidence may therefore be admitted under Federal Rule of Evidence 406 to prove that he acted in accordance with that habit in this case. For the following reasons, the court will grant defendant's motion in limine and exclude this evidence.

Federal Rule of Evidence 404 states that "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." FED. R. EV. 404(a). The rule recognizes that "[c]haracter evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion." FED. R. EV. 404 (Advisory Committee Notes). Accordingly, there are only limited exceptions to Rule 404's bar against character evidence. One such exception is stated in Rule 405(b): "When a person's character or character trait is an essential element of a charge, claim, or defense, the character or trait may also be proved by relevant specific instances of the person's conduct." FED. R. EV. 405(b).

Plaintiff now seeks to avail himself of the exception contained in Rule 405(b). He contends that it is Officer Grynkewicz's prediliction to use excessive force, and that such trait is an essential element of the pending excessive force claim. (Doc. 35 at 2-3). This argument misapprehends when a character or trait is an essential element. It is not sufficient that the character trait tend to prove elements of the claim, rather character must be an element itself. Illustrations of this include "the chastity of the victim under a statute specifying her chastity as an element of the crime of seduction, or the competency of the driver in an action for negligently entrusting a motor vehicle to an incompetent driver." FED. R. EV. 404 (Advisory Committee Notes). The determinative inquiry in an excessive force claim is whether the officer's actions were "objectively reasonable" in light of the particular

4

circumstances of the incident. Graham v. Conner, 490 U.S. 386, 396 (1989). Reasonableness is judged "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Id. The trier of fact must balance the nature and scope of the intrusion on the individual's Fourth Amendment interests against the countervailing government interests at stake, considering, such facts and circumstances as the severity of the crime at issue, whether the suspect posed an immediate threat to the saftey of the officers or others, and whether he was actively resisting arrest or attempting to evade arrest by flight. By this standard, the subjective experience or beliefs of the particular officer are not relevant, and the character of an officer to use excessive force is clearly not at issue. The plaintiff's proposed evidence is therefore beyond the scope of Rule 405(b). Plaintiff has unabashedly conceded that evidence of Officer Grynkewicz's disciplinary and legal history should be admitted to show that he "is an officer who uses excessive force on a regular basis." This proffer is a textbook definition of the propensity evidence precluded by Rule 404 and the court must therefore exclude it. Moreover, the coming trial exclusively regards the incident that ocurred on July 25, 2011. Allegations regarding other incidents, particularly those which ocurred *after* July 25, 2011, have no clear relevance to this case, and any marginal probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, and undue delay. FED. R. EV. 403; Schutz v. Honick, No. 2:10-cv-832, 2012 U.S. Dist. LEXIS 66207 at *4-5 (W.D. Pa. May 11, 2012).

Plaintiff also argues that the evidence should be admitted as habit evidence under Rule 406 of the Federal Rules of Evidence, which provides: "Evidence of a person's habit . . . may be admitted to prove that on a particular occasion, the person . . . acted in accordance with the habit." FED. R. EV. 406. The Advisory Committee Notes to the rule define habit as "one's regular response to a repeated specific situation." Id. (Advisory Committee Notes). Here, the handful of accusations against Officer Grynkewicz are insufficient to find that he meets all similar situations with excessive force. It would be imprudent to consider this evidence within the ambit of Rule 406, and the court must exclude it on these grounds as well.

**B.  References to the "Force Continuum" and Alternative Force Available**

Defendant also seeks to exclude evidence regarding the "force continuum" and types of alternative force available to the defendant. (Doc. 29 at 5). In his deposition, Officer Grynkewicz testified about the "force continuum" and "Act 120" training he received on law enforcement protocol. (Doc. 28, Ex. A at 14). Grynkewicz testified that the force continuum is "a scale from the lowest force to the maximum force that [a law enforcement officer] can use. Basically it's officer presence, verbal commands. Then it goes into pepper spray, taser usage, hands on, all the way up to deadly force." (Id.) Defendant argues that evidence of alternative types of force available to law enforcement officers and internal protocol regarding their use is irrelevant to the excessive force inquiry, and therefore inadmissible under Federal

6

Rule of Evidence 402. See Fed. R. Ev. 402. He also asserts that even if relevant, any probative value to this evidence is substantially outweighed by a danger of unfair prejudice under Rule 403. See Fed. R. Ev. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wating time, or needlessly presenting cumulative evidence.") Plaintiff counters that the force continuum evidence is relevant to determining whether Officer Grynkewicz acted as a reasonable officer would under the circumstances of the July 25 incident. The court agrees, and will admit the evidence with certain limiting instructions.

Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action. Fed. R. Ev. 401. Here, evidence of the types of force available to law enforcement officers and their training on the subject is relevant to the Graham reasonableness inquiry. Specifically, such information is likely to assist the jury in determining how a reasonable officer might have acted in the situation at issue. The Constitution does not require a police officer to use the least harmful type of force available; only that the force actually used be objectively reasonable in light of the threat to officers and others. See Plakas v. Drinkski, 19 F.3d 1143, 1149 (7th Cir. 1994); Scott v. Henrich, 39 F.3d 912, 914 (9th Cir. 1994); Estate of Fortunato v. Handler, 969 F. Supp. 963, 972 (W.D. Pa. 1996). Nevertheless, the force continuum and testimony about the types of force that officers are trained to use, are instructive to a jury's understanding of what is a reasonable response.

7

Defendant notes that several courts have ruled that internal protocols are irrelevant to the determination of whether a plaintiff's constitutional rights were violated. See, e.g., Salim v. Proulx, 93 F.3d 86, 92 (2d Cir. 1996) (finding that violations of police rules regarding backup and radios were not relevant to an excessive force claim); Greenidge v. Ruffin, 927 F.2d 789, 791-92 (4th Cir. 1991) (same). The court agrees, and for that reason, evidence of the force continuum and Act 120 training shall be admitted for the purpose of proving only how a reasonable officer might respond under the circumstances. To prevent the possibility of unfair prejudice, this evidence shall not be admitted for the purpose of showing that Officer Grynkewicz violated any internal guidelines or operating procedures.

For the foregoing reasons, the defendant's motion (Doc. 28) in limine to exclude evidence of Officer Grynkewicz's disciplinary and legal history and of the types of force available to law enforcement personnel, is GRANTED in part, and DENIED in part. An appropriate order follows.

      S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:     May 22, 2013

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM D. DAVIS,** | : | **CIVIL ACTION NO. 1:12-CV-587** |
| **Plaintiff,** | : | **(Judge Conner)** |
| v. | : | |
| **EDWARD V. GRYNKEWICZ, III,** | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 22nd day of May, 2013, upon consideration of the motion (Doc. 28) in limine of defendant Edward V. Grynkewicz, III, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. Defendant's motion (Doc. 28) to exclude evidence of defendant Grynkewicz's disciplinary history, internal investigations of which he was the subject, and other legal actions involving excessive force is GRANTED.

2. Defendant's motion (Doc. 28) to exclude evidence of the force continuum and evidence of alternative types of force available to law enforcement officers is DENIED, though evidence of defendant Grynkewicz's compliance therewith shall be inadmissible.

                                                  S/ Christopher C. Conner
                                                 CHRISTOPHER C. CONNER
                                                 United States District Judge